UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARGARITA RAMIREZ and DANIEL RAMIREZ, Individually, On Behalf of the Estate of D▓▓ J▓▓▓▓ R▓▓▓▓▓, Deceased, as Next Friend of A▓▓▓▓▓▓▓▓ R▓▓▓▓▓▓▓, a Minor, and As Next Fried of I▓▓▓▓ R▓▓▓▓▓, A Minor, §§§§§§§ *Plaintiffs*, §§ vs. §§ JAMES E. OWEN TRUCKING, INC., and § NATHAN BERNARD FRAZIER, § *Defendants*. § | CIVIL ACTION NO. 1:15-cv-00649 |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Margarita Ramirez and Daniel Ramirez, both individually, on behalf of the Estate of D▓▓ J▓▓▓▓ R▓▓▓▓, Deceased, as next friend of A▓▓▓▓▓▓ R▓▓▓▓, a minor, and as next fried on I▓▓▓ R▓▓▓▓▓, a minor (collectively "Plaintiffs"), complaining of James E. Owen Trucking, Inc. ("Defendant Owen"), and Nathan Bernard Frazier ("Defendant Frazier") (collectively, Owen and Frazier will be referred to as "Defendants"), and for cause of action would show the following.

### PARTIES

1. Plaintiff, Margarita Ramirez, an individual who is a citizen of the State of Texas, is the natural mother, legal guardian, and next friend of D▓▓ J▓▓▓▓ R▓▓▓▓▓, who died in the accident that is the basis of this Complaint, A▓▓▓▓▓▓ R▓▓▓▓, who was a minor and was a passenger in the vehicle, and I▓▓ R▓▓▓▓▓, who is also a minor. Margarita brings this lawsuit in her individual capacity for her own damages as well as in her representative capacity for the Estate of D▓▓ J▓▓▓▓▓R▓▓▓▓▓ and as next friend of A▓▓▓▓▓▓ and I▓▓ R▓▓▓▓.

2. Plaintiff, Daniel Ramirez, an individual who is a citizen of the State of Texas, is the natural father, legal guardian, and next friend of D█ J█████ R██████, who died in the accident that is the basis of this Complaint, A███████ R██████, who was a minor and was a passenger in the vehicle, and I███ R██████, who is also a minor. Daniel brings this suit in his individual capacity for his own damages as well as in his representative capacity for the Estate of D█ J█████ R██████ and as next friend of A███████ and I███ R██████.

3. D█ J█████ R██████ was 15-years old at the time of her death. She had no property, no debts, was not married, and had no children. As no administration of her estate is pending and none is required, the estate is represented by her parents, Margarita and Daniel Ramirez, who are the legal heirs of D█ J█████ R██████ and have the proper capacity to bring and maintain this lawsuit on behalf of the estate. No distribution is necessary as there is a family settlement agreement as to any amounts that may be recovered by the estate in this matter.

4. A███████ R██████ was approximately twenty-two months old at the time of the accident. As a minor, he is not able to bring suit in his individual capacity. He is represented by his parents, Margarita and Daniel Ramirez, as next friends pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure.

5. I███ R██████ was 12-years old at the time of the accident. As a minor, she is not able to bring suit in his individual capacity. She is represented by her parents, Margarita and Daniel Ramirez, as next friends pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure.

6. Defendant Owen is a foreign trucking company organized and existing under the laws of the State of Virginia whose principal place of business is 1091 Blackwater Road, Forest, Virginia 24551. Defendant Owen is doing business for profit in Texas, but is not registered with

the Texas Secretary of State and has not provided an agent for service of process in Texas as required by statute. As such, service of process on Defendant Owen can be made pursuant to §§17.044 and 17.045 of the Texas Civil Practice and Remedies Code by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service of process because.

7. Defendant Frazier, an individual who is a citizen of the State of Virginia, may be served with process at 1046 Black Jack Road, Stuart, Virginia 24171. Defendant Frazier was operating a commercial motor vehicle in the State of Texas at the time of the occurrence made the basis of this action. His conduct in this regard is considered a tort that was committed in whole or in part within the State of Texas. As an alternative manner of servive of process, Defendant Frazier can be served pursuant to §§17.062 and 17.063 of the Texas Civil Practice and Remedies Code by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as his agent for service because Defendant Frazier was a party to a collision or accident while operating a commercial motor vehicle in the State of Texas.

## JURISDICTION

8. This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas by (1) engaging in business in Texas, (2) committing torts, in whole or in part, in Texas, and (3) operating a commercial motor vehicle in Texas that was involved in a collision and/or accident.

**VENUE**

10.     Venue is proper in the district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

**FACTS**

11.     On March 12, 2015, Defendant Frazier was in the course and scope of his employment with and acting under the authority given to him by Defendant Owen in the furtherance of Defendant Owen's trucking business driving a tractor/trailer heading East near the 8300 block of FM 734 (also known as E. Farmer Lane) in Travis County, Texas.

12.     Plaintiff Margarita Ramirez was driving a 2005 Nissan Altima heading West on FM 734 (also known as E. Farmer Lane). D▊ J▊ R▊ and A▊ R▊ were passengers in this vehicle.

13.     Plaintiff Margarita Ramirez was stopped at the intersection with Toll Way 130 (also known as Boyce Lane) in the left-hand turn lane. She then proceeded to make a lawful left-hand turn on a green light to proceed North on Toll Way 130 (also known as Boyce Lane).

14.     Defendant Frazier disregarded the red light controlling his movement through the intersection, and, at a high rate of speed, struck the vehicle being driven by Plaintiff Margarita Ramirez and in which D▊ J▊ R▊ and A▊ R▊ were passengers. The force of the impact pushed Plaintiffs' vehicle across the intersection and into a north side ditch.

15.     Plaintiff Margarita Ramirez, D▊ J▊ R▊, and A▊ R▊ suffered severe injuries as a result of the collision. D▊ J▊ R▊ subsequently died as a direct result of her injuries.

16.      On the occasion in question, Defendant Frazier was unfit to operate a motor

4

vehicle, and Defendant Owen knew or should have known that Defendant Frazier was unfit to operate a motor vehicle before the occurrence in question.

## CAUSES OF ACTION

### A.     Claims Against Nathan Bernard Frazier

### Negligence

17.     Defendant Frazier had a duty to exercise ordinary care and to operate his vehicle reasonably and prudently.

18.     Defendant Frazier breached the duty of care in the following ways:

   a.     Failing to timely apply the brakes.

   b.     Failing to maintain a proper lookout.

   c.     Failing to maintain proper control of his vehicle.

   d.     Failing to turn to avoid the collision.

   e.     Failing to yield the right-of-way.

   f.     Driving at a rate of speed greater than that which a person of ordinary prudence would have driven under the same or similar circumstances.

   g.     Failing to stop at a red light.

   h.     Failing to pay proper attention.

   i.     Such other acts of negligence, which will be established as the case progresses.

19.     Defendant Frazier's breach of duty proximately caused injury to Plaintiffs, which resulted in severe damages.

### Negligence Per Se

20.     In addition to the other causes of action, Defendant Frazier's conduct described above violated §544.007 of the Texas Transportation Code imposing a statutory duty on drivers

facing a steady red traffic signal to stop and not enter an intersection until an indication to proceed is displayed.

21. The statute is designed to protect a class of persons to which Plaintiffs belong against the type of injury suffered by Plaintiffs. The statute is the type that imposes tort liability.

22. Defendant Frazier's violation of the statute was without legal excuse.

23. Defendant Frazier's breach of the duty imposed by the statute proximately caused injury to Plaintiffs, which resulted in severe damages.

### Gross Negligence

24. Plaintiffs' injuries resulted from Defendant Frazier's gross negligence, which entitles Plaintiffs to exemplary damages. Specifically, Defendant Frazier's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which Defendant Frazier had actual, subjective awareness. Despite this knowledge, Defendant Frazier proceeded with conscious indifference to the rights, safety, and welfare of others.

### B.     Claims Against James E. Owen Trucking, Inc.

### Vicarious Liability

25. The conduct of Defendant Frazier was performed while in the employment of Defendant Owen, to further Defendant Owen's business, to accomplish the purpose for which Defendant Frazier was hired and retained, and within the course and scope of that employment and within the authority delegated to Defendant Frazier.

26. Defendant Owen is responsible under the doctrine of *respondeat superior* for the conduct of Defendant Frazier, including his gross negligence, that proximately caused Plaintiffs' injuries, which resulted in severe damages.

### Negligent Entrustment

27. Defendant Owen entrusted the tractor/trailer to Defendant Frazier in the furtherance of Defendant Owen's business. Defendant Frazier was an unfit, reckless, or incompetent driver at the time of the entrustment.

28. Defendant Owen knew or should have known that Defendant Frazier was an unfit, reckless, or incompetent driver.

29. Defendant Frazier was negligent and grossly negligent at the time of Plaintiffs' injuries. Defendant Frazier's negligence and gross negligence was a proximate cause of Plaintiffs' injuries, which resulted in severe damages.

### Negligent Hiring, Supervision, and Training

30. Defendant Owen has a legal duty to hire, supervise, and train only competent employees as drivers. Defendant Owen breached this duty through the negligent hiring, supervision, and training of Defendant Frazier.

31. Defendant Frazier was an unfit, incompetent, or reckless driver as evidenced by his driving and arrest records. Defendant Owen's breach of the duty to hire, supervise, and train competent drivers resulted in defendant Frazier driving the tractor/trailer on the date of the occurrence in question and proximately caused Plaintiffs' injuries, which resulted in severe damages.

### Negligent Retention

32. Defendant Owen has a legal duty to retain only competent employees as drivers. Defendant Owen breached this duty through the negligent retention of Defendant Frazier.

33. Defendant Frazier was an unfit, incompetent, or reckless driver as evidenced by his driving and arrest records. Defendant Owen's breach of the duty to retain competent drivers

resulted in defendant Frazier driving the tractor/trailer on the date of the occurrence in question and proximately caused Plaintiffs' injuries, which resulted in severe damages.

### Gross Negligence

34. Plaintiffs' injuries resulted from Defendant Owen's gross negligence, which entitles Plaintiffs to exemplary damages under §41.003(a) of the Texas Civil Practice and Remedies Code. Specifically, Defendant Owen's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which Defendant Owen had actual, subjective awareness. Despite this knowledge, Defendant Owen proceeded with conscious indifference to the rights, safety, and welfare of others.

### DAMAGES

35. Plaintiffs would show that all of the above acts, taken together or singularly, constitute the producing cause of the injuries and the following damages Plaintiffs have sustained:

### Damages of Margarita Ramirez

39. Plaintiff Margarita Ramirez has suffered and incurred the following damages as a proximate result of Defendants' conduct:

    a. Reasonable medical care and expenses in the past.

    b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future.

    c. Physical pain and suffering in the past.

    d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future.

    e. Physical impairment in the past.

    f. Physical impairment which, in all reasonable probability, will be suffered in the future.

  g. Mental anguish in the past.

  h. Mental anguish which, in all reasonable probability, will be suffered in the future.

  i. Loss of earnings or earning capacity in the past.

  j. Loss of earning capacity, which, in all probability, will be incurred in the future.

  k. Cost of medical monitoring and prevention in the future.

  l. Loss of consortium.

  m. Loss of services.

  n. Loss of companionship and society.

  o. Funeral Expenses.

40. Plaintiff Margarita Ramirez seeks recovery for all of these damages, which exceed the minimum jurisdictional limits of this Court.

### Damages of Daniel Ramirez

41. Plaintiff Daniel Ramirez has suffered and incurred the following damages:

  a. Reasonable medical care and expenses in the past.

  b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future.

  c. Physical pain and suffering in the past.

  d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future.

  e. Physical impairment in the past.

  f. Physical impairment which, in all reasonable probability, will be suffered in the future.

  g. Mental anguish in the past.

  h. Mental anguish which, in all reasonable probability, will be suffered in the future.

  i. Loss of earnings or earning capacity in the past.

  j. Loss of earning capacity, which, in all probability, will be incurred in the future.

  k. Cost of medical monitoring and prevention in the future.

  l. Loss of consortium.

  m. Loss of services.

  n. Loss of companionship and society.

  o. Funeral Expenses.

42. Plaintiff Danial Ramirez seeks recovery for all of these damages, which exceed the minimum jurisdictional limits of this Court.

### Damages to the Estate of D▮▮ J▮▮▮▮ R▮▮▮▮▮

43. D▮▮ J▮▮▮▮ R▮▮▮▮▮, a minor, survived the collision and subsequently died in the hospital. As such, her estate has suffered and incurred the following damages:

  a. Reasonable medical care and expenses prior to her death.

  b. Physical pain and suffering prior to her death.

  c. Mental anguish prior to her death.

  d. Funeral expenses.

44. Plaintiffs, Margarita Ramirez and Daniel Ramirez, seek recovery for all of these damages, which exceed the minimum jurisdictional limits of this Court, on behalf of the Estate of D▮▮ J▮▮▮▮ R▮▮▮▮▮ as the legal heirs of D▮▮ J▮▮▮▮ R▮▮▮▮▮.

### Damages of A▮▮▮▮▮▮▮ R▮▮▮▮▮

45. A▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮, a minor, has suffered and incurred the following damages:

   a. Reasonable medical care and expenses in the past.

   b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future.

   c. Physical pain and suffering in the past.

   d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future.

   e. Physical impairment in the past.

   f. Physical impairment which, in all reasonable probability, will be suffered in the future.

   g. Mental anguish in the past.

   h. Mental anguish which, in all reasonable probability, will be suffered in the future.

   i. Cost of medical monitoring and prevention in the future.

   j. Loss of consortium.

   k. Loss of companionship and society.

46. Plaintiffs, Margarita Ramirez and Daniel Ramirez, seek recovery for all of these damages, which exceed the minimum jurisdictional limits of this Court, as next friends of A████ R████. 

### Actual Damages of I██ R██████

47. I██ R██████, a minor, has suffered and incurred the following damages:

   a. Mental anguish in the past.

   b. Mental anguish which, in all reasonable probability, will be suffered in the future.

   c. Loss of consortium.

   d. Loss of services.

   e. Loss of companionship and society.

48.     Plaintiffs, Margarita Ramirez and Daniel Ramirez, seek recovery for all of these damages, which exceed the minimum jurisdictional limits of this Court, as next friends of I█ R█████.

### Exemplary Damages

49.     Plaintiffs also seek to recover exemplary damages as a result of Defendants' gross negligence.

### JURY DEMAND

50.     Plaintiffs demand a jury trial and have tendered the appropriate fee with this Petition.

### PRAYER FOR RELIEF

For these reasons, Plaintiffs ask the Court to issue citations to Defendants to appear and answer and that, after due proceedings, that Plaintiffs be awarded judgment against Defendants, jointly and severally, for all actual damages, wrongful death damages, survival damages, exemplary damages, prejudgment and postjudgment interest at the maximum lawful rates, costs of court, and all other relief to which Plaintiffs may be entitled, whether at law or in equity.

Respectfully submitted,

**KILLEEN & STERN, PC**

By: _/s/ Robert J. Killeen, Jr._
     Robert J. Killeen, Jr.
     Texas Bar No. 11407000
     1811 Bering Drive, Ste. 120
     Houston, Texas 77057
     713/626-5100 - Telephone
     713/626-4545 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**